BOARD OF PUBLIC UTILITY COMMISSIONERS, complainant,

*v.*

FREDERICK D. SHELDON and LOUIS SHELDON, defendants.

[Decided March 18th, 1924.]

1. The board of public utility commissioners has general supervision and regulation, jurisdiction and control over all public utilities.

2. A jitney the route of which in whole or in part parallels upon the same street the line of any street railway is a public utility.

3. A municipal license to operate a public utility is not valid until approved by the board of public utility commissioners, and such approval may be conditional. The privilege to approve the municipal license implies the power to revoke the approval for breach of condition or any lawful cause.

4. A license issued under the Motor Vehicle act does not confer the right to operate a public utility jitney.

5. Where one operated a line of jitney buses under the authority of the board of public utilities of New Jersey, which authority provided that the buses should not discharge or take on passengers on a certain street between limits named, and also under an ordinance of a town, the revocation of the authority to operate because of violation of the condition as to discharging and taking on passengers within the limits named, did not place the operators in the position of violating the ordinance of the town.

6. The public interest, as against the unlawful operation of public utility jitneys, may be protected by injunction at the suit of the board of public utility commissioners.

*Mr. Thomas Brown,* for the complainant.

*Mr. James H. Bolitho,* for the defendants.

BACKES, V. C.

The defendants and one Jewell obtained a license from the town of Dover to operate two jitney buses over a route in the town, which route extends into the adjoining borough of Wharton. Wharton has no bus ordinance. The route, in part, parallels, upon the same street, the street railway of

the Morris County Traction Company. The board of public utility commissioners approved the municipal license, but imposed the condition:

"That the operation of said buses, while operating on Main street and Blackwell street, shall not take on or discharge passengers who begin and end their trips between the intersection of Salem street and Blackwell street, town of Dover, and the intersection of Main street and Morris canal bridge, borough of Wharton," and "that said approval shall be revocable for violation of the board's rules. regulations and restrictions or for other good cause."

The defendants violated the conditions and thereupon the board, after notice and hearing, revoked its approval and ordered the defendants "to cease the operation of any auto bus or buses upon a route which, in whole or in part, parallels on the same street the lines of the said Morris County Traction Company," *i. e.,* between the intersection of Salem street and Blackwell street in the town of Dover and the intersection of Main street and Morris canal bridge in the borough of Wharton. The defendants refused to stop and the board filed this bill to restrain them. A preliminary injunction issued. The defendants set up that the board is without power to impose the conditions because

"Such conditions amounted to a confiscation of defendants' license or consent obtained in the town of Dover and interfered with the rights obtained by the defendants under that license or permit, and the license obtained by the defendants from the motor vehicle department of the State of New Jersey"; that the conditions "placed defendants in a position where they either had to incur a penalty or suffer a forfeiture by reason of violation of the ordinance of the town of Dover under which they had obtained their license or consent, or incur a penalty or suffer a forfeiture imposed by complainant for violation of its alleged regulation or order," and that equity is without jurisdiction because there is an adequate remedy at law.

(1) The board has "general supervision and regulation, jurisdiction and control over all public utilities and also over

their property, property rights, equipment facilities and franchises so far as may be necessary for the purpose of carrying on the provisions of this act." *P. L. 1911 p. 374.* And a jitney, "the route of which, in whole or in part,, parallels upon the same street the line of any street railway or traction railway," is a public utility. *P. L. 1921 p. 390.* A municipal license to operate a public utility jitney is not valid until approved by the board, and such approval may be conditional under section 24 of the Utility act of 1911. The privilege to approve the municipal license implies the power to revoke the approval for breach of condition or for any other lawful cause. The right to operate a public utility jitney depends upon the coincidence of the municipal license and the approval of the board, and no rights are acquired by the license without the approval, and none are invaded by the lawful revocation of the approval. The municipal grant is inchoate and ripens into a right only upon the board's approval, and falls with the withdrawal of the approval; consequently, there can be no "confiscation" of property rights by the board withholding its approval of a municipal license to operate a public utility jitney, and none when such approval is lawfully withdrawn.

(2) A license issued under the Motor Vehicle act of 1921 (*P. L. 1921 p. 643*) does not confer the right to operate a public utility jitney, nor does section 15 of that act, which provides that "no owner or purchaser or driver of a motor vehicle who shall have complied with the requirements of the provisions of this act shall be required to obtain any other license or permit to use or operate the same," dispense with the requirement of a municipal license and the approval of the board to operate a jitney for public hire. A motor vehicle license is requisite to the operation of a jitney, but not an authorization to operate it as a public utility.

(3) By section 17 of the Utility act of 1911 the board has power to, by order in writing, require every public utility "to comply with the laws of this state," and section 32 provides that:

"In default of compliance with any order of the board when the same shall become effective the person or public utility affected thereby shall be subject to a penalty of $100 per day for every day during which such default continues, to be recovered in an action of debt in the name of the state, and observance of the orders of the board may be enforced by *mandamus* or injunction in appropriate cases, or by suit in equity to compel the specific performance of the order or orders so made, or of the duties imposed by law upon such public utility."

The order to the defendants to cease the unlawful operation of their jitneys is an order to comply with the laws of the state within the meaning of section 17, and is such as is enforcible under section 32. That the board has jurisdiction to make such an order is not assailed, and that the order was made in a lawful way is not challenged.

The jurisdiction of equity to protect the rights of the state is one of common exercise, usually upon the relation of the attorney-general. But where, as here, the duty of protecting the public interest as against the unlawful operation of public utility jitneys is vested by the state in the board, the authority to vindicate the public right is conferred by necessary implication, if not by express terms, and the functions of the attorney-general are bestowed. Proceedings at law by *certiorari* or *mandamus* are obviously inappropriate. The board's action may be reviewed by *certiorari*, and *mandamus* issues only to enforce legal rights, not to restrain unlawful acts. *18 R. C. L. 90; State* v. *Paterson, Newark and New York Railroad Co., 43 N. J. Law 505; Board of Freeholders of Essex* v. *Newark National Bank, 48 N. J. Eq. 51.* And if the defendants' municipal license, coupled with the board's approval, be regarded as a franchise, an information in the nature of a *quo warranto* will lie to forfeit the franchise. *22 R. C. L. 668, 670.* Jurisdiction of equity does not, however, depend upon the absence of an adequate remedy at law. The attorney-general, and here the board, may choose the remedy, either at law or in equity, whichever may the more speedily and effectively produce relief. *Stockton* v. *Central Railroad Co., 50 N. J. Eq. 52, 79.*

The defendants' contention that the only remedy is by the enforcement of the pecuniary penalty prescribed by section 32, above quoted, is not sound. That remedy is cumulative, not exclusive, as the statute plainly shows, and, manifestly, it is not adequate to accomplish the purpose here sought.

The board is entitled to an injunction.