ALPHONSO ROBERTO *vs.* DEPARTMENT OF PUBLIC
UTILITIES & another.

Suffolk.   December 5, 1927.— March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, & CARROLL, JJ.

*Constitutional Law*, Police power, Due process of law.   *Carrier*, Motor bus.
*Department of Public Utilities. Motor Vehicle*, Operation: motor bus.
*License.*

Section 48A, added to G. L. c. 159 by St. 1925, c. 280, § 2, is constitu-
tional.
Under those statutory provisions, the commissioners of the department of
public utilities had power and authority to append as a condition to a
certificate, issued to a common carrier engaged in the transportation of
passengers by motor vehicle for hire in the cities of Boston and Revere,
a requirement that he should operate the vehicles on a certain described
route or routes, that at certain places he might, and at other places he
might not, admit and discharge passengers, and that it was subject "to
the right of the Department, after notice and hearing, to revoke said
certificate for cause"; and, after a hearing, the commissioners had power
to revoke the certificate for violation of its terms and conditions in tak-
ing on and discharging passengers at prohibited points.
Such a certificate was a privilege merely; it was neither a contract nor
property, and its revocation deprived the carrier of no vested rights.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on September 26, 1927, and described in
the opinion.

The requests for rulings made by the petitioner at the
hearing before the department, referred to in the opinion,
were as follows:

"1. The said commission has no lawful jurisdiction or
authority to revoke the said certificate."

"3. Any provisions of G. L. c. 159, or of St. 1925, c. 280,
or of any amendments or additions thereto, purporting to
authorize the said commission to prohibit a holder of a
certificate of public convenience and necessity from taking,
admitting or discharging passengers within any part or
portion of the route or routes fixed by said certificate, are
unlawful and in conflict with the limitations and provisions

of the Constitution of the Commonwealth and of the United States.

"4. The provisions, limitations and conditions of said certificate, issued to said Alphonso Roberto, in form reciting: —

'that the applicant shall not take on or admit passengers on Breed Street in East Boston between Ford and Bennington Streets, and on Bennington Street in said East Boston between Breed and Ashley Streets and shall not discharge passengers when operating his motor vehicle in a northerly direction in the city of Revere between the southwestern corner of Crescent Avenue and Atlantic Avenue and a point on Ocean Avenue 1,500 feet Southerly from Revere Street, and shall not take on or admit passengers when operating said motor vehicle in the opposite direction, in said City of Revere between said points, except that the applicant may stop vehicles operated in either direction at the corner of Atlantic Ave. and Everard Street in said Revere to take on and discharge passengers.

'This certificate is given subject to the rules, terms and conditions for the operation of motor vehicles for the carriage of passengers for hire, adopted by the Department April 30, 1926, effective May 15, 1926, and made a part hereof, and to the right of the Department, after notice and hearing, to revoke said certificate for cause, or to revise any of the provisions thereof or revise, change or modify any of the rules terms and conditions attached to the exercise of the rights herein granted.'

are unlawful and of no effect in that they are in violation of the property and contractual rights of said Roberto, and of the rights and liberties of such persons as may, or may seek to be passengers on motor vehicles operated upon routes specified and fixed and available for transportation of passengers, in said certificate."

"9. The limitations and restrictions set forth in said certificate which purport to prohibit the discharging or taking on of passengers at points in said certificate referred to or designated, are arbitrary, discriminatory, unreasonable and without justification or warrant in law, and are in violation of the restraints and limitations of the Constitution of the

Commonwealth and of the United States, respecting the property and personal rights of its citizens of the Commonwealth and the use and enjoyments of public easements in public ways."

"12. On the findings of fact made by the commission, the respondent cannot be held, as matter of law, to have violated any lawful condition contained in said certificate, wherefore the said certificate cannot lawfully be revoked and the said complainant must be dismissed.

"13. On the findings of fact by the commission, the commission has no lawful authority to revoke said certificate."

The petition was heard by *Sanderson,* J., and was ordered dismissed.   The petitioner appealed.

*H. Parker,* (*H. Silverman* with him,) for the petitioner.

*C. F. Lovejoy,* Assistant Attorney General, for the respondent.

BRALEY, J.   This is a petition under G. L. c. 25, § 5, to review and set aside an order of the department of public utilities revoking a certificate to operate motor vehicles on the route described in the certificate.   The petitioner, a common carrier, engaged in the transportation of passengers by motor vehicles for hire in the cities of Boston and Revere, having been granted by each municipality a license as required by G. L. c. 159, § 45, as amended by St. 1925, c. 280, § 1, applied for, and obtained on July 16, 1926, from the department of public utilities the permit required by § 48A, added to G. L. c. 159 by St. 1925, c. 280, § 2, without which he could not lawfully use the public ways in his business.  *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95, 101.   Said § 48A provides that "No person shall operate a motor vehicle under a license granted under section forty-five unless he has also obtained from the department a certificate declaring that public convenience and necessity require such operation. The department may, after public hearing, issue or refuse to issue such a certificate, or may issue the same for the partial exercise only of the privilege sought.   Subject to the provisions of section forty-eight B, every such certificate, and every application therefor, shall specify the route or routes over which such motor vehicle or vehicles may operate, and

may prescribe the period during which the rights granted therein or in such license may be exercised, and may attach to the exercise of said rights such terms and conditions as the department shall deem that public convenience and necessity may require; provided, that in respect to such carriage as may be exclusively interstate, said certificate shall not be required. The department may, after notice and hearing, revoke any such certificate for cause, and, subject to the provisions of section forty-eight B, may in like manner revise any provisions thereof and any of the terms and conditions of such certificate or license. Upon such revocation, or upon the termination of the period covered by such certificate, the right of any person to operate thereunder shall immediately terminate. The department may adopt rules prescribing the manner and form in which applications for certificates or for any modification of outstanding certificates shall be made."

The certificate in question, after stating that it was issued subject to such requirements, stipulations or conditions as may be set forth, described the route or routes with the places through which the applicant could run his vehicles and admit and discharge passengers, and concluded with the following condition: "This certificate is given subject to the rules, terms, and conditions for the operation of motor vehicles for the carriage of passengers for hire, adopted by the Department April 30, 1926, effective, May 15, 1926, and made a part hereof, and to the right of the Department, after notice and hearing, to revoke said certificate for cause, or to revise any of the provisions thereof or revise, change or modify any of the rules terms and conditions attached to the exercise of the rights herein granted." The department on June 13, 1927, gave notice to the petitioner that the inspection division had reported that he was violating the conditions of the certificate and that the department would hear him June 28, 1927, at 10:30 o'clock in the forenoon in relation to these charges, and "on any reason that you may advance why your certificate should not be revoked." Section 48A, added to G. L. c. 159 by St. 1925, c. 280, § 2. The petitioner appeared in response to the notice and after a hearing on June 28,

1927, the commissioners on September 23, 1927, found that he had violated the terms and condition of the certificate in taking on and discharging passengers at prohibited points, and revoked the certificate.

It is not contended as matter of law that the findings of fact were not warranted by the evidence and they are not reviewable. *Boston & Albany Railroad* v. *New York Central Railroad,* 256 Mass. 600. The petitioner however submitted thirteen requests for rulings which were refused. But, only the first, third, fourth, ninth, twelfth and thirteenth requests having been argued, the remaining requests are treated as waived. It is contended that the provisions of G. L. c. 159, and of St. 1925, c. 280, are unlawful and in conflict with the limitations and provisions of the Constitution of the Commonwealth and of the United States, and that the limitations and restrictions in the certificate are arbitrary, discriminatory and unreasonable. The constitutionality of the statute is settled. *Commonwealth* v. *Slocum,* 230 Mass. 180. *Burgess* v. *Mayor & Aldermen of Brockton, supra. Packard* v. *Banton,* 264 U. S. 140. *Interstate Busses Corp.* v. *Holyoke Street Railway,* 273 U. S. 45, 52. The Commonwealth has power to prescribe the conditions under which public ways may be used by motor vehicles, and can delegate the administration of such power to cities and towns, and to the department of public utilities. *Commonwealth* v. *Theberoe,* 231 Mass. 386. *Commonwealth* v. *Slocum, supra. Doherty* v. *Ayer,* 197 Mass. 241, 247. The department is given authority to prescribe the time during which the rights granted may be exercised. The commissioners could consider all the conditions of public travel within the limits of the territory described in the certificate, and could consider and attach such terms and conditions as in their discretion public convenience and necessity required. The petitioner has failed to maintain his contention that the restrictions were unlawfully imposed. *Boston & Albany Railroad* v. *New York Central Railroad, supra.*

The last contention is that the department had no jurisdiction or authority to revoke the certificate upon proof of the violation of the restrictions. But the petitioner ac-

cepted a valid certificate which contained a condition of revocation if he failed to comply with its terms.   The certificate was a privilege.   It was neither a contract nor property, and its revocation deprived the petitioner of no vested rights. *Burgess* v. *Mayor & Aldermen of Brockton, supra,* page 100.

*Final decree affirmed.*