Day, Appellant, *v.* Public Service Commission et al.

Argued April 24, 1933.  Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert F. Bogatin,* with him *Simon Pearl,* for appellant.

*John Fox Weiss,* counsel, with him *E. Everett Mather, Jr.,* assistant counsel, for Public Service Commission.

*Frederic L. Ballard,* with him *M. Randall Marston,* for intervening appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1933:

On plaintiff's petition an appeal was allowed from a decree of the Superior Court affirming an order of the Public Service Commission of the Commonwealth of Pennsylvania which revoked a certificate of public convenience granted Joseph Day, owner and operator of a taxicab in the City of Philadelphia. Appellant is a member of the Public Service Cab Association, an unincorporated organization, consisting, in 1932, of forty-six individuals operating taxicabs for hire from designated stands in Philadelphia. For the past several years the members of the association as well as other taxicab operators have been involved in a controversy with cab corporations controlled by the Philadelphia Rapid Transit Company, arising from complaints filed with the Public Service Commission by the Yellow Cab Company, alleging that certificate holders were charging rates different from those contained in the filed tariff, and were operating from stands not authorized by their certificates.

The present appellant is admittedly guilty of a number of violations. On December 23, 1919, he received a certificate of public convenience authorizing him to engage in common carriage from a stand at 15th and Market Streets. This certificate expired June 1, 1922, and the application for renewal was refused pending termination of an investigation of illegal operation, which arose from complaints filed by the Pennsylvania Railroad Company relative to the conduct of the independent taxicab operators doing business from its station. On November 27, 1923, the commission issued a report and order sustaining complaint against illegal operation by appellant and ordering him to cease and desist from such violations. On December 18, 1923, he was granted a certificate to operate a taxicab from a stand on the south side of Market Street, east of Nineteenth. This certificate was renewed in 1925, but at its expiration June 1, 1927, the commission again refused to continue it because of frequent violations on the part of plaintiff. In 1928, appellant was given another chance and a new certificate was issued to him, which was renewed in May, 1929, for a five-year period. On September 22, 1931, upon complaints filed against appellant and other independent taxicab operators, the commission directed appellant to cease and desist from rendering service from any point or stands other than the one located at 19th and Market Streets. Applications by Day and others for the right to engage in city-wide service without restriction to any stand were refused May 10, 1932. On June 13, 1932, the commission entered a rule upon appellant to show cause why his certificate should not be revoked. The testimony taken at the hearing established further violations after May 10, 1932, and, on July 19, 1932, the rule previously granted was made absolute and respondent's certificate of public convenience revoked. The appeal in this court, as in the Superior Court, raises the sole question of the right of the Public Service Commission to revoke the certificate.

384

The theory of appellant's argument is that, the Public Service Commission being a body of purely statutory creation, its power and jurisdiction are limited by the express terms of the statutes creating it, and that there is within the Pennsylvania statutes no power or authority vested in the commission to revoke certificates of public convenience and necessity. There is no doubt that the Public Service Commission, being a creature of the legislature, is vested only with those powers conferred by statute "or such as are implied necessarily from a grant of such powers": Harmony Electric Co. v. Pub. Ser. Com., 78 Pa. Superior Ct. 271, 280. Likewise, "where authority is conferred on an extrajudicial body, not in the course of the common law, the legislative grant of power to act in any particular case must be clear: Citizens P. Ry. Co. v. Pub. Ser. Com., 271 Pa. 39, 54": Swarthmore Boro. v. Pub. Ser. Com., 277 Pa. 472, 479. An examination of the provisions of the Public Service Company Law of July 26, 1913, P. L. 1374, discloses ample authority in the commission to revoke a certificate of public convenience. Section 27, of article V, provides as follows: "In addition to the foregoing expressly enumerated powers, the commission shall have full power and authority, and it shall be its duty, to enforce, execute, and carry out, by its orders, rulings, regulations or otherwise, all and singular the provisions of articles two and three of this act, relating, respectively, to the duties and limitations, and to the creation and the power and limitations of powers of public service companies; and all and singular, the other provisions of this act, and the full intent thereof, *and shall have the power to rescind or modify any such orders, rulings, or regulations.*" (Italics ours.) Here is the express authority to rescind an order of the commission. A certificate of public convenience confers no privilege in itself; it only obtains validity when issued upon the order of the commission. The conclusion is inevitable that the power to rescind an order entails the authority to revoke a certificate.

As a further indication of the legislative intent in this matter, it should be noted that section 12, of article VI, of the Act of 1913, supra, also confers the power in the following explicit language: "The commission shall have the power to rescind or modify findings, determinations or orders made under the provisions of this act, upon such notice and in such manner as it shall deem proper, and may grant rehearing for cause shown."

Apart from these considerations, it is clear that the commission had the right to revoke the certificate granted appellant in this case, inasmuch as it was awarded upon conditions which were subsequently broken. The report and order of the commission under date of May 20, 1929, by which appellant was granted his certificate, recited four conditions to which the certificate was subject. The third condition was as follows: "That the applicant shall comply with all the provisions of the Public Service Company Law as now existing or as may hereafter be amended, and revised general order No. 18, effective April 1, 1929, or as may hereafter be revised and any other rules and regulations as may hereafter be prescribed by the commission." General order No. 18, to which reference was made, provides in rule 15 that: "Failure of any motor vehicle transportation company to comply with these rules and regulations, terms and conditions of certificates of public convenience and each and every state and municipal law, ordinance, franchise or regulation governing operation of motor vehicles shall be sufficient cause to suspend the right and privilege of the company, and to proceed according to law and to revoke and rescind said rights and privileges."

The commission's authority to make such regulations is contained in section 26, of article V, of the Public Service Company Law, and the power of the commission to attach restrictions and conditions to a certificate of public convenience has been judicially determined in several cases. See Andrews v. Pub. Ser. Com., 88 Pa. Superior Ct. 306, and cases there cited. A complete an-

swer to appellant's contention is contained in the language of the Supreme Judicial Court of Massachusetts in Roberto v. Department of Public Utilities, 262 Mass. 583, 587, which we may appropriately adopt for our purposes: "The last contention is that the [commission] had no jurisdiction or authority to revoke the certificate upon proof of the violation of the restrictions. But the petitioner accepted a valid certificate which contained a condition of revocation if he failed to comply with its terms. The certificate was a privilege. It was neither a contract nor property, and its revocation deprived the petitioner of no vested rights." See also Board of Public Utility Commissioners v. Sheldon (N. J.), 124 Atl. 65.

For the foregoing reasons we are of opinion the order of which appellant complains was valid and proper and was issued by the Public Service Commission pursuant to the powers conferred upon that body by the legislature. It follows that the decree of the Superior Court should be, and is, hereby, affirmed at appellant's cost.