## Commonwealth v. Eclipse Literary and Social Club et al.

*Paul W. Orth* and *Lewis M. Stevens*, for petitioner.

*Horace A. Segelbaum* and *Wilhelm F. Knauer*, Special Deputy Attorneys General, and *William A. Schnader*, Attorney General, contra.

WICKERSHAM, J., December 17, 1934.—The petition of Seaboard Surety Company represents, inter alia, that the Pennsylvania Liquor Control Board granted a "club liquor license" to Eclipse Literary and Social Club; that the defendant became surety for the said club on a bond in the amount of $2,000; that on February 17, 1934, the Attorney General of the Commonwealth of Pennsylvania petitioned the Court of Quarter Sessions of Philadelphia County to revoke the aforesaid club liquor license, alleging sale of liquor to nonmembers, sale of liquor to nonmembers on Sunday, and maintenance of a place for profit and illegitimate purposes, which prayer for revocation the said court,

after hearing, granted, and revoked the said liquor license; that on August 20, 1934, the said Attorney General entered judgment in this court in favor of the Commonwealth of Pennsylvania against the defendant surety company in the sum of $2,000 by confession and warrant of attorney contained in the aforesaid bond; that demand has been made upon the defendant for the payment of said judgment; that the reasons alleged for revoking the license do not violate the conditions of the bond; that the revocation of the license of the defendant's principal by the Court of Quarter Sessions of Philadelphia County has not established in law that the defendant's principal violated the law of the Commonwealth of Pennsylvania relating to liquor and malt liquors or the rules and regulations of the Pennsylvania Liquor Control Board; that the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, does not authorize exaction by the Commonwealth of a penalty or forfeiture bond and that any provisions which may be so interpreted in the bond are inoperative and unenforceable at law, for the reason that the Pennsylvania Liquor Control Board was without legal or other authority to insert any such provisions; and that said bond is not a forfeiture or penalty bond and that there are not outstanding and unpaid any fines or other costs resulting from any alleged violations of the defendant's principal, for which the defendant as surety on said bond is presently liable.

Upon the presentation of this petition, a rule was granted requiring the Commonwealth to show cause why the judgment entered in the above case should not be opened and the petitioner let into a defense.

To this rule the Attorney General filed a motion to dismiss the petition and discharge the rule to open the judgment.

### Discussion

These proceedings involve the interpretation of said Liquor Control Act of 1933 and the rules and regulations of the Pennsylvania Liquor Control Board relating thereto, as authorized and adopted under the said act.

The said Act of November 29, 1933, P. L. 15, provides, inter alia, in section 202:

"General Power to Make Regulations.—The board may, from time to time, make such regulations, not inconsistent with this act, as it may deem necessary for the efficient administration of this act. The board shall cause such regulations to be published and disseminated through the Commonwealth in such manner as it shall deem necessary and advisable. Such regulations adopted by the board shall have the same force as if they formed a part of this act.

"Whenever it is provided in this act that any act, matter or thing may be done if permitted or authorized by the regulations, or may be done in accordance with the regulations, or as provided by the regulations prescribed by the board under this act, the board, subject to the provisions of this act, shall have the power to prescribe regulations respecting such act, matter or thing."

Section 203 provides:

"Specific Subjects on Which Board May Adopt Regulations.—Subject to the provisions of this act, and without limiting the general power conferred by the preceding section, the board may make regulations regarding—. . . .

" (g) Forms to be used for the purposes of this act. . . ."

It thus appears that the board, under section 202, has general power to make regulations and, in section 203, to make regulations relating to specific subjects; but in the latter section the general power of the Liquor Control Board to make regulations is not limited.

Section 406 of the act provides:

"All Licensees to Furnish Bond.—A liquor license shall not be granted and issued to any hotel, restaurant or club until the applicant therefor has filed with the board a surety bond, payable to the Commonwealth of Pennsylvania, in the amount of . . . $2,000. Such bond shall have as surety a duly authorized surety company or two individuals to be approved by the board. All such bonds shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to liquors and malt liquors. Such bonds shall be filed with and retained by the board. Every such bond shall be turned over to the Department of Justice to be sued out, if, and when, the licensee's license shall have been revoked as provided in this act."

Section 410 provides:

"Revocation and Suspension of License.—After a license has been issued to a . . . club under this act, the Attorney General . . . may petition the court of quarter sessions of the proper county for the revocation of such license. If, after notice and hearing, it shall appear to the court that the licensee has violated any law of this Commonwealth or regulation of the board relating to liquor, malt liquor, or alcohol, the court may suspend or revoke the license. . . . The action of the court in suspending or revoking a license shall be final. . . ."

Section 411 provides, inter alia:

"Sales of Liquor by Licensees.— . . . Liquor may be sold by licensees, other than clubs, only after seven o'clock antemeridian of any weekday and until two antemeridian of the following week day, and shall not be sold on Sunday or on any day on which a general, municipal, special or primary election is being held. . . ."

Regulation no. 2 adopted by the board relating to said act and approved by the board November 29, 1933, provides as follows:

"All bonds required of licensees and permittees under the act shall be in form prescribed by the board and shall contain a warrant of attorney to confess judgment, in the full penal sum specified on the face of the bond."

The Pennsylvania Liquor Control Board is an extrajudicial body and " 'where authority is conferred on an extrajudicial body, not in the course of the common law, the legislative grant of power to act on any particular case must be clear: Citizens P. Ry. Co. v. Pub. Ser. Com. et al., 271 Pa. 39, 54': Swarthmore Boro. v. Pub. Ser. Com., 277 Pa. 472, 479": Day v. Public Service Commission, 312 Pa. 381, 384. We think the power of the said board to make the regulation to which we have just referred is clear, as provided in section 203 of the act, which gives this board specific power by regulation to prepare the forms to be used for the purpose of the act. By virtue of that power so specifically conferred, regulation no. 2 was adopted to which reference is made, and by virtue of said regulation, authorized by the said act of assembly, the form of bond was prepared which the principal and the defendant surety company signed, executed, and delivered, upon which the judgment in the instant case was entered, and which the defendant surety company now asks to have opened in order that it may make defense.

The form of bond contains, inter alia, the following stipulations:

"And the obligors, jointly and severally, for themselves, their heirs, executors, administrators, successors, and assigns, do agree with the Commonwealth of Pennsylvania that upon violation of the said Act of November 29, 1933, no. 4, known as the Pennsylvania Liquor Control Act, or of any laws of this Commonwealth and the rules and regulations promulgated by the Pennsylvania

Liquor Control Board relating to liquors and malt liquors and upon the revocation of the license aforesaid, for any such violation during the continuance of said license the full amount of this bond shall be due and payable.

"And we, and each of us, do hereby confess judgment against us and each of us for the penal sum of $2,000 with costs of suit and release of all errors, without stay of execution, waiving inquisition and condemnation of any real estate, and we, and each of us, do hereby waive the benefit of any law or laws now in force or which may hereafter become in force, exempting property from levy and sale upon execution; and we do hereby empower any attorney, or the prothonotary, of any court of record within this Commonwealth or elsewhere, to appear for us and each of us, to confess judgment as aforesaid; and for the entering of such judgment and so doing this shall be the sufficient warrant; a copy of this bond being filed in said action, it shall not be necessary to file the original as a warrant, any law or rule of court notwithstanding."

The defendant surety company contends that the following questions are involved:

1. Is the bond on which the Commonwealth has entered judgment against the defendant surety a forfeiture bond or a bond of indemnity?

2. Is the condition of the bond broken by the mere revocation of license in an uncontested independent proceeding, without proof before this court of the breach of the named condition of the bond?

3. Does the said Liquor Control Act of 1933 prohibit all the following acts: Sale of liquor to nonmembers, sale of liquor to nonmembers on Sunday, and maintenance of a place for profit and illegitimate purposes?

4. Does a motion to dismiss a petition to open judgment lie where the petition to open judgment avers as a fact that no violations of the act were committed by Eclipse Literary and Social Club, which is an averment of fact and constitutes a meritorious defense?

The first question above set forth is, we think, answered by the provisions of the bond itself. Counsel relies on 2 Williston, Contracts, sec. 788. A reading of this section clearly shows that it does not apply to the facts and law in the instant case. We think also that the question is answered by Mr. Justice Maxey in Commonwealth v. J. and A. Moeschlin, Inc., et al., 314 Pa. 34, 43, in which that learned justice says:

"The appellant argues that act contemplated that the bond given in pursuance to it is only intended as an indemnity for penalties which might be assessed and fines as penalties that might be imposed after a prosecution. The legislature has decreed, and the terms of the bond have established, that the sum mentioned in the bond shall be a penalty and that the full sum shall become a forfeit absolute on the breach of the condition. This is amply sustained by the authorities. [Citing many authorities.] 'These authorities and others that are cited announce the rule, which may be said to be firmly established, that on the breach of a penal bond given to the State to secure performance of a contract for the public benefit, or to do or refrain from doing an act in the public interest or in furtherance of a public policy, recovery may be had for the full amount named, no contrary purpose appearing; for damages to the obligee would in such circumstances be difficult or impossible of ascertainment and proof, and hence in such cases it is said that the parties will be held to have intended that the full sum named should be forfeited. . . .' "

Justice Maxey then quotes from United States v. Montell, 47 Fed. Cas. no. 15798, where Chief Justice Taney said:

" 'The United States are entitled to recover the whole sum, for which the party is bound, if any one of the conditions is broken. Besides, how could the United States prove any particular amount of damages to have been sustained by them in a suit on this bond? What do they lose? It would be difficult, I think, by any course of proof, or any process of reasoning, to show that the United States had sustained any particular amount of damages in a case of this description, or to adopt any rule by which the damages could be measured by a jury, or be liquidated by agreement between the parties. The sum, for which the parties are to become bound, is manifestly a penalty or forfeiture, inflicted by the sovereign power for a breach of its laws. It is not a liquidated amount of damages due upon a contract, but a fixed and certain punishment for an offense. And it is not the less a penalty and a punishment, because security is taken before the offense is committed, in order to secure the payment of the fine if the law should be violated.' "

We think the authorities from which we have quoted are conclusive. The argument of counsel for the defendant fails to convince us that the bond in the instant case is only a bond of indemnity. We are convinced that it is a bond providing a penalty for violation of any of the laws of this Commonwealth relating to liquor or the rules and regulations of the Pennsylvania Liquor Control Board, and therefore is enforceable for the full amount.

The case of Lightner et al. v. Commonwealth, 31 Pa. 341, throws a strong sidelight on the question involved. It was there held:

"A bond given by a licensed liquor dealer, under the Act 31st March 1856, is forfeited by a conviction of the principal obligor for keeping a tippling house. And the whole amount of the penalty is thereupon recoverable for the uses prescribed by the Act of Assembly."

Our answer to the first question involved is that the bond on which the Commonwealth has entered judgment against the defendant surety is a forfeiture bond and not a bond of indemnity.

Referring to the second question involved, it appears that proceedings were commenced against the principal in this bond, to wit, Eclipse Literary and Social Club, in the Court of Quarter Sessions of Philadelphia County for a violation of the provisions of the said Pennsylvania Liquor Control Act of 1933 and the rules and regulations of the Pennsylvania Liquor Control Board. After hearing the evidence, that court made the following order:

"And now, March 16, 1934, upon consideration of the petition of William A. Schnader, Attorney General for the Commonwealth of Pennsylvania, and after hearing thereon, it being found that Eclipse Literary and Social Club has violated the laws of this Commonwealth and regulations of the Pennsylvania Liquor Control Board relating to liquor, the club license no. C-536 issued to Eclipse Literary and Social Club for premises no. 45 North Seventeenth Street, in the ninth ward of the City of Philadelphia, is ordered and adjudged revoked. And it is further adjudged that Eclipse Literary and Social Club pay the costs."

By the said order it clearly appears that the principal, Eclipse Literary and Social Club, violated the provisions of its obligation contained in its said bond relating to liquors and malt liquors. It having failed, as appears by the order of the Philadelphia County Court of Quarter Sessions, fully and faithfully to observe the provisions of said laws and rules and regulations aforesaid, it was agreed that this bond should remain in full force, virtue, and effect. The principal and surety further agreed that upon violation of the said Liquor Control Act of 1933 and the rules and regulations aforesaid, relating to liquor and malt liquor, and "upon the revocation of the license aforesaid, for any such violation

during the continuance of said license the full amount of this bond shall be due and payable."

It is contended by counsel for the defendant surety company that, under one of the allegations contained in the petition, the defendant should be allowed to offer evidence in this court to prove and demonstrate that Eclipse Literary and Social Club, the said principal in the bond, did not violate any of the laws of this Commonwealth relating to liquor and malt liquor. This contention is not sound. From the order of the Court of Quarter Sessions of Philadelphia County no appeal is allowed to this court, but the defendant could have taken the case by certiorari into the Superior Court and there have the action of the Philadelphia County Court of Quarter Sessions reviewed; this was not done, and therefore we think the defendant surety company is bound by the order of the said Court of Quarter Sessions of Philadelphia County.

"Where a statute provides that a decision of the court below shall be final, or uses words of similar import, it has the same effect as if the legislature had said that no right of appeal is permitted": White Township School Directors Appeal, 300 Pa. 422.

In that case is was further held (p. 423):

"While the common pleas may correct a capricious judgment of the commissioners in relation to any factor considered, any judgment of the court itself in relation to the same or any other matter considered in connection with the case, is final, short of fraud, and the appellate court has no right to interfere, except as to jurisdiction over person and property." See also the opinion of Mr. Justice Kephart at p. 425, citing many cases.

And in Thommen v. Aldine Trust Co. et al., 302 Pa. 409, it was held, inter alia:

"As to official bonds, bonds of indemnity and bonds to insure the faithful performance of duty and to secure a proper accounting by persons in fiduciary relations, a judgment against the principal is conclusive against his sureties as to his misconduct and failure to properly account; . . .

"Though a surety is favored in law, and the contract must be strictly construed so that only the burden assumed shall be imposed, yet this rule should not be carried to the length of giving the contract a forced and unreasonable construction with a view of relieving him."

See also Commonwealth v. Del Vaccio, 303 Pa. 519, and opinion of Chief Justice Frazer at p. 522.

The Court of Quarter Sessions of Philadelphia County having determined that the principal in the instant case violated the laws of this Commonwealth relating to liquor and having revoked the license, we think the second question involved must be answered as follows: The condition of the bond was broken by revocation of the license by the Court of Quarter Sessions of Philadelphia County, the action of said court is final and conclusive, and this court has no power to go behind it.

Referring now to the third question involved, we cannot agree with the contention of counsel for the defendant that the sale of liquor on Sunday is not in violation of the provisions of section 411 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, 47 PS §§744-411. This section specifically forbids the sale of alcoholic liquor on Sunday, and it makes no difference that the sale is made by a club: Commonwealth v. West Philadelphia Fidelio Mannerchor, 115 Pa. Superior Ct. 24. We quote from the opinion of Judge Parker, as follows (p. 244):

"Taking the plain words of the clause we have for consideration, we do not find the meaning ambiguous. Two subjects are dealt with, sales between

2 a. m. and 7 a. m. and sales on Sunday and election days. Liquor may be sold by licensees *other than clubs* only after 7 a. m. and before 2 a. m. of the following week day, and shall not be sold on Sunday or election days. There is not any exception contained in the provision proscribing sales on Sunday and election days. By a strict grammatical construction, the subject of the predicate in the last portion of the paragraph is the word 'liquor.' The appellant asks us to supply an exception which would change the plain meaning of the act. Or in other words, the ambiguity is not in the act but only arises by reason of the suggestion that a clause be supplied."

The order of the court below revoking the liquor license of the defendant was affirmed.

Referring to the fourth question involved, as urged by counsel for the defendant, we think that the petition to open the judgment, which avers as a fact that no violations of the law were committed by the defendant, has been determined by the Court of Quarter Sessions of Philadelphia County and cannot now be considered by us, and it makes no difference that a question of fact is raised by the defendant's petition. The act provides that "the action of the court in suspending or revoking the license shall be final." We think this question cannot be reopened in the Court of Common Pleas of Dauphin County: Commonwealth v. J. and A. Moeschlin, Inc., supra, p. 45.

Counsel for the defendant, as a further argument that the bond in question is not a penalty bond, refers first to the fact that in section 406 of the said Liquor Control Act of 1933, at p. 24, relating to the bond to be furnished, there is no provision requiring that said bond shall contain a warrant of attorney to confess judgment; whereas, the subsequent Act of December 8, 1933, P. L. 57, sec. 8, requires the execution of a bond to the Commonwealth and a warrant of attorney to confess judgment in the penal sum of $10,000, with surety to be approved by the board; and the Act of December 20, 1933, P. L. 75, sec. 18, enacted at the same session, provides for execution of a bond to the Commonwealth of Pennsylvania and a warrant of attorney to confess judgment in the penal sum thereinafter prescribed, and with sufficient surety. Therefore, counsel for defendant reaches the conclusion that as a warrant of attorney is not required under said section 406 of the Liquor Control Act, it was not intended by the legislature that such bond should contain a warrant of attorney to confess judgment. This contention on the part of the attorney for defendant is not sound, for the reason that the provisions of the statute which we have heretofore set out are intended to confer upon the Pennsylvania Liquor Control Board full authority to pass resolutions to carry the statute into effect, and under those provisions the said board has authority to prescribe any regulations which are not inconsistent with the act. We think the adoption of a form of bond containing a warrant of attorney to confess judgment is within its power. Moreover, the defendants, by signing the bond upon which judgment was entered, have made no objection to the warrant of attorney contained in the bond. We must assume that the principal and the surety read this bond and were familiar with its contents before they signed it; it therefore became their voluntary contract; and they cannot now be heard to repudiate it.

As a further argument, counsel for the defendant directs our attention to said section of the act, which provides: "All such bonds shall be made conditioned for the faithful observance of all the laws of this Commonwealth relating to liquors and malt liquors. Such bonds shall be filed with and retained by the board. Every such bond shall be turned over to the Department of Justice *to be sued* out, if, and when, the licensee's license *shall have been revoked* as provided in this act" [italics ours]. They reach the conclusion, therefore, that the words

"to be sued out" further indicate that the legislature did not intend that a warrant of attorney should be required in this particular bond. We are of opinion that, inasmuch as defendants signed the bond containing a warrant of attorney, they are now estopped from repudiating the contract for the reasons above given. In any event, we are further of opinion that the expression "sued out" contained in the act was aptly used and applies to the instant case where the bond which was filed contained an affidavit of default and was accompanied by a copy of the order of the Court of Quarter Sessions of Philadelphia County revoking the license of Eclipse Literary and Social Club duly certified, and accompanied also by a præcipe directing the prothonotary to "enter judgment on the copy of the bond attached hereto according to the tenor and effect thereof".

We are of opinion, therefore, that no legal reason is shown by counsel for the defendants which would move this court to open the judgment entered in this case, and therefore the rule to show cause why the judgment should not be opened and the defendant let into a defense is dismissed.

And now, December 17, 1934, it is ordered, adjudged, and decreed that for the reasons above stated the rule to show cause why the judgment entered by the Commonwealth against the defendant should not be opened and the defendants let into a defense is discharged. The costs to be paid by the defendants.