## Undertakers' Licenses

RUTTER, Deputy Attorney General, April 24, 1941.—
By two communications dated March 20, 1941, the State
Board of Undertakers has requested our opinion upon
two questions. These questions are:

1. Has the board power to reinstate or reissue an
undertaker's license to one whose license it has previously
revoked?

2. May the board, when it renews a license which had
been allowed to lapse, charge the license fees for the period
of lapse equal to what such person would have had to pay
during that period if he had not allowed his license to
lapse?

It is necessary in answering the above two questions
to propound and answer a third, which you have not

asked, namely: Does the board have power to reinstate a lapsed license?

The business of undertaking became regulated in cities of the first, second, and third classes by the Act of June 7, 1895, P. L. 167. This act was amended by the Acts of April 24, 1905, P. L. 299, March 30, 1925, P. L. 92, May 13, 1927, P. L. 1005, and April 25, 1929, P. L. 772; 63 PS §§471-77 (supplied) ; 71 PS §§1161-64.

By the Act of June 10, 1931, P. L. 485, 63 PS §478a et seq., the legislature extended the regulation of undertaking throughout the Commonwealth. This act did not expressly repeal the Act of 1895 or its amendments, but it did provide for the repeal of all laws and parts of laws inconsistent therewith. The Act of 1931 was amended by the Acts of June 21, 1935, P. L. 398, and July 19, 1935, P. L. 1324.

All of the foregoing legislation is in pari materia. It is not necessary for the purpose of this opinion to decide whether the Act of 1931 repealed the Act of 1895 and its amendments.

Section 6 of the Act of June 7, 1895, P. L. 167, as amended, supra, 63 PS §473, provides in part as follows:

"Said board shall have full power at any time to revoke any licenses theretofore granted on proper cause and after full hearing of all the parties in interest."

Nothing is contained in the Act of 1895, as amended, relating to the reinstatement or reissuance of revoked licenses.

The Act of June 10, 1931, as amended, supra, provides in section 8 that the board may refuse to renew a license, or may suspend or revoke a license, for certain stated reasons. Section 9 of the act provides for hearing before the board before any license is refused, suspended, or revoked; and section 10 of the act provides for appeals from decisions of the board to the courts.

Nor is anything contained in the Act of 1931, as amended, relating to the reissuance or reinstatement of a revoked license.

The State Board of Undertakers is a creature of the legislature and is vested only with the powers conferred upon it by statute, and with such powers as are necessarily implied from powers specifically granted. In such a situation, where powers are conferred upon an extrajudicial body, not in the course of the common law, the legislative grant of any particular power must be clear. See Day v. Public Service Commission et al., 312 Pa. 381 (1933).

Let us examine some similar legislation.

Section 11 of the Act of July 12, 1919, P. L. 933, as amended, 63 PS §26, relating to architects, provides that the State Board of Examiners of Architects may, within a certain period, issue a new certificate to practice architecture to one whose certificate has been revoked or suspended.

Section 12 of the Act of May 6, 1927, P. L. 820, 63 PS §142, relating to engineers, provides that the State Registration Board for Professional Engineers may, under certain conditions, reissue a certificate to one whose certificate has been revoked.

Section 9 of the Act of March 30, 1917, P. L. 21, as amended, 63 PS §237, relating to optometrists, provides that the State Board of Optometrical Examiners may, for certain causes, remove the revocation or suspension of a certificate of licensure.

Section 14 of the Act of March 19, 1909, P. L. 46, as amended, 63 PS §271, relating to osteopaths, provides that the State Board of Osteopathic Examiners may, under certain given conditions, remove the suspension of a license.

Section 12 of the Act of June 3, 1911, P. L. 639, as amended, 63 PS §410, provides that the State Board of Medical Education and Licensure may, for certain designated reasons, remove the revocation or suspension of a license.

Section 11 of the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, 63 PS §441, provides that the

Department of Public Instruction may in its sole discretion issue a new license to a person whose license has been revoked after a period of one year from the date of revocation.

Section 11 of the Act of May 13, 1927, P. L. 988, as amended, 63 PS §210, relating to nurses, provides that the State Board of Examiners for the Registration of Nurses may suspend, revoke, or restore a certificate of registration for sufficient cause.

The Dental Law of May 1, 1933, P. L. 216, as amended, 63 PS §120 et seq., provides that the State Dental Council and Examining Board may reinstate licenses which it · has previously suspended or revoked.

It will be noted that all of the foregoing legislation expressly provides either for the reissuance or reinstatement of a license previously revoked or suspended, or for the granting of a new license to a person whose license has been previously suspended.

The Act of March 29, 1899, P. L. 21, 63 PS §1 et seq., relating to accountants, provides for the revocation of a certificate, but not for the reissuance or reinstatement thereof.

Section 3 of the Act of May 26, 1921, P. L. 1172, 63 PS §363, relating to pharmacists, provides that the State Board of Pharmacy may suspend or revoke a permit, but says nothing about the removal of such suspension or revocation.

From the foregoing review of legislation relating to licenses, it will be seen that some expressly provide for the removal of suspension or revocation, while some do not. It is our conclusion, therefore, that if the legislature intends an administrative body to have the power to reissue a license once revoked, or to remove a suspension or revocation of a license, it will say so in express language. See also Day v. Public Service Commission et al., supra.

We further conclude, therefore, that the State Board of Undertakers has no power to reissue or reinstate a

license previously revoked by it, nor may said board remove such revocation except as hereinafter set forth. A suspended license may be reinstated, because the very word suspension implies a temporary cessation of effect. If one whose license has been *revoked*, however, desires a new license, he must apply to the board just as any applicant would who had never had a license.

We shall answer questions nos. 2 and 3 in inverse order. Section 7 of the Act of June 10, 1931, supra, 63 PS §478*g*, provides that all undertakers' licenses granted under the act or existing laws shall expire on the first of February following their issuance or renewal; and that renewal of such licenses may be effected at any time during the month of January preceding their expiration upon the filing of an application for renewal. This section contains a proviso that the board may, in its discretion, renew the license of any undertaker who has failed to make application for renewal before February 1st.

By the plain words of section 7 of the Act of 1931, supra, the State Board of Undertakers may renew the license of any undertaker who fails to apply for renewal before the expiration thereof, in its sole discretion, at any time. This means that a lapsed license may be renewed at any time the board, in its discretion, *desires* to renew it.

Nothing is said in the legislation pertaining to undertakers, however, about charging a person whose license has lapsed, and whose license has later been renewed, any fees for the intervening lapsed period. It follows that no such fees can be charged. The only fees which can be charged are those provided by pertinent legislation, which are for the time a license is actually in existence and effect.

It appears from information supplied us that the State Board of Undertakers has been proceeding upon the assumption that when an undertaker allowed his license to lapse, and later applied for a renewal thereof, he had operated in the meantime without a license; and that therefore such person should pay a license fee for the

time during which he did not have a license. We are aware of no ground for such an assumption. On the contrary, the legal presumption is that an undertaker does not engage in the business of undertaking unless he is licensed to do so. If a person engages in the undertaking business without the proper license, and in violation of the pertinent legislation, he is guilty of a misdemeanor and subject to fine and imprisonment, or both. The assumption that a person, once lawfully engaged in the business of undertaking under a proper license and who then allowed his license to lapse and thereafter made application for renewal of his license, unlawfully continued in the business in the meantime is unwarranted.

We are not unmindful of the Act of May 20, 1937, P. L. 727, 71 PS §1025. This statute provides that whenever an act of assembly conditions the right to practice any profession, etc., upon the annual renewal of a license granted by the Department of Public Instruction, for which renewals a fee is required to be paid, that department shall collect from the person licensed, in addition to the fee for the current year, the full amount of all fees and penalties for preceding years which the applicant for renewal has theretofore failed to pay, unless the applicant proves to the satisfaction of the department that he actually did not practice his profession during the lapsed period, in which case no fees for such time shall be collected. However, this act does not apply to the Department of Health: it applies only to the Department of Public Instruction. If the General Assembly had intended the act to apply to departments other than the Department of Public Instruction it would have said so.

It is our opinion, therefore, and you are accordingly advised that:

1. The State Board of Undertakers has no authority to reinstate or reissue a license once revoked. It has authority to entertain an application for a new license from a person whose license has been revoked, and such person shall be treated the same as one who never had a

license. The board may remove the *suspension* of a license.

2. The State Board of Undertakers may in its discretion renew the license of any undertaker who has allowed the same to lapse by failure to apply for renewal thereof:

3. The State Board of Undertakers may not exact a fee equivalent in amount to a license fee, from any person whose license has lapsed and whose license has thereafter been renewed, for the period of time intervening between the lapse of such license and its renewal.