UNITED STATES of America,
Plaintiff,

v.

BERKSHIRE STREET RAILWAY CO.,
and

Commonwealth of Massachusetts, Department of Public Utilities, Defendants.

Civ. A. No. 63–600–C.

United States District Court
D. Massachusetts.

July 29, 1963.

W. Arthur Garrity, U. S. Atty., Frances Kissell, Asst. U. S. Atty., for plaintiff.

Carter Lee, Boston, Mass., for defendant, Commonwealth of Massachusetts.

CAFFREY, District Judge.

This is a civil action in which the plaintiff United States of America seeks to foreclose tax liens on taxes owed to the United States by the defendant Berkshire Street Railway Co. and obtain a judgment against the taxpayer-defendant. On July 16, 1963 plaintiff applied for and was granted a temporary restraining order which was made returnable on July 22 at 3:00 p. m., at which time a hearing was held and the matter was continued until 11:00 a. m. this date. The following are assumed to be facts for purposes of ruling upon this application for the continuance of the restraining order:

1. Berkshire Street Railway Co. is a Massachusetts corporation.

2. The Commonwealth of Massachusetts, Department of Public Utilities, has issued to the Berkshire Street Railway Co. a franchise (certificates of public convenience and necessity) for the operation of a bus line in the City of Pittsfield and surrounding area.

3. The District Director, Internal Revenue Service, has assessed taxes with penalties and interest against the Berkshire Street Railway Co., has given notice and demand, and filed notices of lien.

4. No part of any of the taxes, penalties and interest has been paid and it appears that the defendant owes the United States $35,207.98, plus interest.

5. The United States claims a Federal tax lien by virtue of 26 U.S.C. § 6321 on all property and rights to property of taxpayer.

6. All assets of taxpayer other than the certificates of public convenience and necessity are encumbered by a mortgage previously executed by the taxpayer to the Small Business Administration.

7. The United States contends that the only "asset" of taxpayer not subject to the mortgage to which tax liens

could apply are the certificates of public convenience and necessity.

8. The Department of Public Utilities resists the continuance in effect of this injunction on the grounds that the certificates are not "property" and hence 26 U.S.C. § 6321 does not reach the certificates.

9. Unless restrained by order of this Court the Department of Public Utilities will hold a hearing on a previously issued order of notice to said taxpayer directing it to show cause why its franchise should not be revoked.

■ It is well settled that State law must be looked to for the meaning of the word "property" in Section 6321. See United States v. Bess, 357 U.S. 51, 55, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (interpreting 3670, the predecessor section under the 1939 Code to 6321) ; and United States v. Brosnan, 363 U.S. 237, 240, 80 S.Ct. 1108, 1110, 4 L.Ed.2d 1192, where the Court said, "In determining the extent of the 'property and rights to property' (§ 6321) to which a government tax lien attaches, we have looked to state law." At the hearing counsel for the United States conceded that the most recent decision of the Supreme Judicial Court of the Commonwealth of Massachusetts interpreting the nature of certificates of public convenience and necessity was Roberto v. Department of Public Utilities, 262 Mass. 583, at 588, 160 N.E. 321 at 322, where the Court said, "The certificate was a privilege. It was neither a contract nor property * * *."

■■ It goes without saying that in order to obtain an injunction preventing the Commonwealth from discharging one of its sovereign functions, a clear showing of entitlement thereto should be made. Not only has the United States failed to make such a showing here but, on the contrary, the Department of Public Utilities has made a clear showing that the certificates in issue are not property or rights to property within the meaning of that term as used in 26 U.S.C. § 6321. It follows that the certificates not being property, the Federal tax liens do not attach thereto by reason of the express language of Section 6321 which extends the Federal lien only to property and rights to property.

For failure of plaintiff to make a showing that it is entitled to the injunctive relief sought, as a matter of discretion and as a matter of law the temporary restraining order previously entered herein is dissolved and terminated, and the prayer for injunctive relief is denied.