**A. R. SANDRI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 63–644–J.

United States District Court
D. Massachusetts.
March 28, 1967.

Cornelius J. Sullivan, Litner, Sullivan & Zonderman, Boston, Mass., for plaintiff.

Paul H. Markham, U. S. Atty., David M. Roseman, Asst. U. S. Atty., for defendant.

## OPINION

JULIAN, District Judge.

This case was submitted to the Court on a stipulation of facts, each side having filed a motion for summary judgment. The parties have agreed that the following are the relevant facts.

On or about September 7, 1961, Samuel A. Close, a Revenue Officer of the Internal Revenue Service, in the course of his duties as such officer, caused to be published a certain notice of public auction sale stating that certain "property" therein described had been seized for nonpayment of delinquent Internal Revenue taxes due from Lechmere Fast Freight, Inc., in accordance with Section 6331 of the Internal Revenue Code. The notice stated further that the property would be sold at public auction on the 30th day of September, 1961, pursuant to the provisions of Section 6335 of the

Internal Revenue Code and the regulations thereunder, and that "only the right, title, and interest of Lechmere Fast Freight, Inc,. in and to the property" would be offered for sale. Listed among the items of property to be sold was the following described article: "Comm. of Mass. DPU Common Carrier certificate #4840 (Grandfather Rights)."

On September 30, 1961, Close conducted the auction sale above referred to, and in the course of his duties as Auctioneer sold to the plaintiff the above-described certificate #4840 for the sum of $1,450, which amount was the highest bid received. Close accepted payment of the purchase price on behalf of the United States from the plaintiff and turned the DPU certificate #4840 over to the plaintiff along with a "Certificate of Sale of Seized Property" describing the DPU certificate, and further stating that the Certificate of Sale "transfers to A. R. Sandri all right, title and interest of the said Lechmere Fast Freight, Inc., in and to the property sold."

On or about November 6, 1961, the plaintiff filed with the Commercial Motor Vehicle Division of the Department of Public Utilities, Commonwealth of Massachusetts, an application for the transfer and assignment to him of the DPU certificate. On November 14, 1961, the Department of Public Utilities rejected the plaintiff's application. On December 1, 1961, the plaintiff filed an appeal to the Commission supervising and directing the Department of Public Utilities. A public hearing on the plaintiff's appeal was held on December 27, 1961.

On February 7, 1962, the commission supervising the Department of Public Utilities sustained the Department's rejection of the plaintiff's application and dismissed the case.

Following plaintiff's claim to the defendant for refund of the $1,450 paid to the United States for the DPU common carrier certificate #4840 by the plaintiff, the District Director of the Internal Revenue Service on March 6, 1963, disallowed the plaintiff's claim.

Thereafter, the plaintiff filed this action seeking to recover the $1,450 which the plaintiff claims was wrongfully and illegally collected.

On these facts, my conclusions of law are as follows:

The United States attempted to seize the certificate in question under the authority of Section 6331 of the Internal Revenue Code, 26 U.S.C. § 6331, which provides in pertinent part:

"(a) If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax * * * by levy upon all *property and rights to property* belonging to such person * * *.

"(b) * * * In any case in which the Secretary or his delegate may levy upon property or rights to property, he may seize and sell such *property or rights to property * * *.*"
(Emphasis added)

In the case of Aquilino v. United States, 1960, 363 U.S. 509, 512, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365, the Supreme Court stated:

"The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that 'in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property * * * sought to be reached by the statute.'"

The Court clarified its reasoning by stating further, "It would indeed be anomalous to say that the taxpayer's 'property and rights to property' included property in which, under the relevant state law, he had no property interest at all." Id. at 513, n. 3, 80 S.Ct. at 1280.

■ ·I find that under Massachusetts law a certificate such as the one concerned here is "a privilege" It is "neither a contract nor property." Roberto v. Department of Public Utilities, 1928, 262 Mass. 583, 588, 160 N.E. 321.

In the case of United States v. Berkshire Street Railway Co., 1963, D.C., 219 F.Supp. 861, the issue presented was whether such a certificate of the Massachusetts Department of Public Utilities came within the term "property or rights to property" to which a federal tax lien could attach under 26 U.S.C. § 6321. The court specifically held that it did not.

■ I find that the certificate concerned did not fall within the category of "property or rights to property" referred to in 26 U.S.C. § 6331, and that therefore the United States acquired no property interest in the certificate by its attempted seizure under that section. This being the case, the government had nothing to transfer to the plaintiff in consideration for the $1,450 which it received from the plaintiff pursuant to the auction sale.

Section 52(1) of the Restatement of the Law of Restitution states the following:

> "Unless it is otherwise agreed; a right to restitution exists in favor of a person who, erroneously believing because of a mistake of law that another has a right, title, or power, other than an interest in land, and induced by such mistake, has conferred a benefit upon the other in exchange for the transfer of or promise to transfer the right or title, or for the exercise of or the promise to exercise the power if, because of the non-existence of such right, title, or power, he fails to receive what it was agreed he should receive."

■ I find that the plaintiff mistakenly believed at the time of the auction sale that the government had a transferable property right in the certificate on which he bid. In fact, certain language in the Notice of Public Auction Sale signed by Revenue Officer Close informed the buyer that he would be bidding on "property" subject to seizure within the meaning of section 6331. The first sentence of the notice stated, "Pursuant to authority contained in Section 6331 of the Internal Revenue Code, the following described property has been seized for nonpayment of delinquent internal revenue taxes due from Lechmere Fast Freight Inc." The first sentence of the Certificate of Sale of Seized Property states, "I hereby certify that I sold at public sale on September 30, 1961, * * * the following described property seized for nonpayment of delinquent internal revenue taxes due from Lechmere Fast Freight Co., Inc." The certificate was signed by Revenue Officer Close.

■ As the Supreme Court states in the case of Aquilino v. United States, supra, the question of whether the interest sought to be seized under the Internal Revenue Code was "property" subject to seizure (and therefore transferable at auction sale) is a question of state law. A mistaken belief on this question would therefore be a mistake of law.

I find further that the plaintiff was induced by this mistake to pay $1,450 to the government for the transfer of this "property." Because of the non-existence of any such property right in the government, the plaintiff received nothing.

In view of the unequivocal statement in the Notice of Public Auction Sale that the "property" had been seized under section 6335 of the Internal Revenue Code, I find that the government also held the erroneous belief that it had the ability to transfer the "property." I therefore conclude that it was not "otherwise agreed" that the principle of restitution stated in section 52(1) of the Restatement should not apply in the event that nothing was in fact transferred to the plaintiff.

The Court is unaware of any pertinent decisional or statutory rule of law that contravenes the principle stated in the

Restatement. That principle is clearly applicable to the case at bar. I therefore rule that the plaintiff is entitled to restitution. To hold otherwise would be to permit the government to be unjustly enriched at the expense of the plaintiff. Accordingly, the plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied. Judgment will be entered for the plaintiff in the amount of $1,450 with interest thereon from September 30, 1961.