### In re McARDLE et al.

(District Court, D. Massachusetts. December 7, 1903.)

#### No. 6,122.

1. BANKRUPTCY—PROCEEDS OF LIQUOR LICENSE—RIGHTS OF MORTGAGEE.

The police commissioners of the city of Boston having uniformly by their acts refused to recognize a mortgage of a liquor license as against public policy, but having permitted the sale of such licenses by trustees in bankruptcy for the benefit of the general creditors of the bankrupt licensee, by allowing the trustee to nominate his successor, a court of bankruptcy will not recognize and enforce the claim of a mortgagee of such a license to the proceeds thereof when sold by a trustee, on the ground that such enforcement would be contrary to the policy of the police commission, without whose consent and co-operation it would be powerless to realize anything from such asset of a bankrupt.

In Bankruptcy. On review of decision of referee disallowing claim of mortgagees to proceeds of liquor license.

Alfred W. Putnam, for mortgagees.

Joseph C. Pelletier, pro se

LOWELL, District Judge. The bankrupts were licensed to sell liquor in Boston. Before bankruptcy they executed to the petitioners a mortgage of personal property connected with their business, and in the conveyance they included their license. The mortgaged property, including the license, was sold by the trustee, reserving to the mortgagees the same rights against the proceeds which they had against the property sold. The mortgagees have received the proceeds of the personal property, and have applied them to the payment of the debt secured by the mortgage; but their petition to obtain the proceeds of the license was opposed by the trustee, and was dismissed by the referee. From the judgment of the referee the mortgagees have appealed.

From the agreed statement of facts it appears that:

"The police commissioners of the city of Boston at the time of, before, and since the granting of the license to the bankrupts have not consented to a licensee mortgaging his license, and have individually and collectively never recognized any rights of a mortgagee in or to a license or its proceeds. But no formal vote has ever been passed relating to such matter. The police commissioners of the city of Boston refused to acknowledge or recognize any right of the plaintiffs in and to the bankrupts' license, or to the proceeds thereof, by reason of the mortgages covering said license."

From the testimony of one of the commissioners it further appears that this rule or practice of the commission had often been an-

¶ 1. Franchises and licenses as assets in bankruptcy, see note to Fisher v. Cushman, 43 C. C. A. 389.

nounced at hearings before the board, and was well known to the liquor trade. I find as a fact that it was known to the petitioners. I also find as a fact that this rule or practice of the commission has been established because, in the judgment of the commission, to recognize the validity of the mortgage of a license would be contrary to public interest and policy.

The commission has allowed the licensees' creditors, as represented by the trustee in bankruptcy, to take the proceeds of the license, provided these proceeds received by the trustee are to be divided ratably among the creditors. That the proceeds realized from the sale of a license to sell liquor in Boston are assets of the estate in bankruptcy was decided in In re Fisher (D. C.) 98 Fed. 89; Id., 103 Fed. 860, 43 C. C. A. 381, 51 L. R. A. 292. The court there recognized, however, that the right to realize the value of the license is a peculiar one, available to the court of bankruptcy only by virtue of the assent of the police commission. If the commission does not recognize the interest of the trustee by permitting him to nominate the bankrupt's successor in the license, the court is powerless. In this respect the commission is made the sole judge of what public policy and interest require. Acting in the discharge of its legal functions on grounds of public policy and interest, it declines to recognize any right in the licensee to mortgage his license, and any claim of the mortgagee thereupon. While its rules are unequivocally manifested by its acts, the absence of a formal vote is not important. If the mortgagee obtains the proceeds of the license, the court of bankruptcy will have defeated the rule and practice established by the commission, and will hazard the continuance of that other rule and practice of the commission by virtue of which many thousands of dollars have been realized for the creditors of bankrupt licensees in this city alone.

In In re Fisher the rights of the mortgagee were recognized and protected, indeed, but the payment to him was not opposed, and the refusal of the commission to recognize the mortgagee's rights was not brought to the court's attention. In fact, the District Court then erroneously supposed that the commission itself in some way was accustomed to protect the mortgagee.

Judgment of the referee affirmed.