<hr />

ZENAIDE JUBINVILLE, executrix, *vs.* ANTONIO JUBINVILLE & another.

Hampden.    September 17, 1942. — January 27, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Trust,* Constructive.  *License.  Alcoholic Liquors,* License.  *Equity Jurisdiction,* To enforce trust.

The holder of a liquor license for a package goods store which the licensee conducted in his name but of which he was a constructive trustee for the true owner might be compelled, in a suit in equity by the true owner to obtain the property and incidental relief, to surrender the license to the licensing authorities for cancellation and might be enjoined from attempting to prevent the issuance of a license to the plaintiff or his nominee, but the decree should be so framed as not to prevent the defendant from seeking a license for a new business at a location other than that of the store.

BILL IN EQUITY, filed in the Superior Court on February 3, 1941, to establish and enforce the plaintiff's ownership of a package store liquor business, for an accounting, and to compel the defendants "to do any and all acts necessary to enable the . . . [plaintiff] to obtain a license from the Holyoke Licensing Board in place of the license issued to" the defendants.

Following confirmation of a master's report, a final decree was entered on January 16, 1942, by order of *Broadhurst, J.,* which was in part as follows: "That the . . . [defendants] forthwith surrender for cancellation to the Holyoke Licensing Board the license . . . which . . . was granted to them . . . and they are hereby permanently restrained and enjoined from interfering with the endeavors of the said plaintiff, Zenaide Jubinville, or her nominee in seeking to obtain a license . . . and from filing objections, appearing

as objectors, either directly or indirectly before either the Holyoke Licensing Board or the Alcoholic Beverages Control Commission, to the application of the said Zenaide Jubinville to obtain for herself a license . . . . The said defendants are hereby further permanently restrained and enjoined from engaging in conduct, the purport of which is to interfere with, prejudice or prevent the Holyoke Licensing Board or the Alcoholic Beverages Control Commission from granting a license . . . to the said Zenaide Jubinville."

There was no copy in the record of the decree appointing a receiver, which, as stated in the opinion, was shown by a docket entry to have been entered on January 23, 1942.

On February 5, 1942, the defendants appealed from the final decree only.

The case was submitted to the court on briefs in September, 1942, and afterwards was submitted on briefs to all the Justices.

*J. H. Mulcare & W. W. Buckley*, for the defendants.

*J. F. Hartnett & O. D. Rainault*, for the plaintiff.

RONAN, J. A master has found that the plaintiff's testator, who was her husband, had owned and conducted a liquor package store, in Holyoke, for three years prior to his death in December, 1936, first under a license issued to him and his son Joseph Jubinville, and then, since 1935, under a license issued to him and another son, the defendant Antonio; that since the death of his father, Antonio has conducted the business under a license to himself and later to himself and his wife, the other defendant; that the testator at the time of his death was the sole owner of the business and the license; that the stock in trade, fixtures, automobiles, and a certain checking account standing in the name of the defendant Antonio belong to the estate of the testator. He also found that there was no undue delay by the plaintiff in asserting her claim and in bringing the bill in equity, and that there was no change of position of the defendants because of any alleged delay. He found that the plaintiff was not guilty of laches. His report was confirmed in the Superior Court. The defendants appealed

from a final decree adjudging the plaintiff to be the owner of the assets of the said business, ordering the defendants to surrender to the licensing authority the liquor license granted to them to conduct said business, and enjoining them from interfering with any application that the plaintiff or her nominee might make to the licensing authority for the issuance to her of a license to conduct said business.

The defendants took no appeal from the interlocutory decree overruling their exceptions to the master's report and confirming the report, and the appeal from the final decree, which does not appear to have been erroneously affected by the interlocutory decree, presents the question whether the final decree is within the scope of the bill and is supported by the facts found by the master. *Carter* v. *Sullivan,* 281 Mass. 217. *Regan* v. *Tierney,* 306 Mass. 168.

The defendants contend that the master was wrong in finding that the business was owned by the estate. This finding was made upon unreported evidence. It does not appear from the report to be based solely upon the subsidiary findings of the master. It is not inconsistent with these subsidiary findings and must be accepted as true. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431. *Zak* v. *Zak,* 305 Mass. 194. *Elias* v. *Steffo,* 310 Mass. 280.

The answer set up laches as a defence and the burden of establishing it was upon the defendants. *Alvord* v. *Bicknell,* 280 Mass. 567. *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292. Ordinarily, that burden is not sustained by showing mere delay that does not work some form of prejudice or harm to a defendant. *Morse* v. *Hill,* 136 Mass. 60. *Shea* v. *Shea,* 296 Mass. 143. *Ferrone* v. *Rossi,* 311 Mass. 591. The facts found by the master do not demonstrate that the defendants were injured by the failure of the plaintiff to urge and prosecute her claim sooner than she did. Moreover, there is nothing in the report inconsistent with the ultimate finding of the master that the plaintiff was not guilty of laches. *Safford* v. *Lowell,* 255 Mass. 220. *Westhampton Reservoir Recreation Corp.* v. *Hodder,* 307 Mass. 288. *Albano* v. *Puopolo,* 309 Mass. 501.

The remaining contention of the defendants is that there

was error in the third paragraph of the final decree, ordering them to surrender their license for cancellation to the licensing authority, and restraining them from interfering with any efforts of the plaintiff or her nominee to secure a similar license and from filing any objections with the licensing authority to granting such a license. It is admitted that the defendant Marie Jubinville has no interest in the business or in the license, which was issued in her name and in that of the defendant Antonio, her husband, so that, in case of his death, the license would not be "thrown open to the public." We need consider, therefore, only the relation of Antonio to the license so far as it concerns the plaintiff's right as owner of the licensed business. This defendant's father, the owner of the business, suffered a shock in the fall of 1935 and thereafter, except at times when the father was able to attend to his business, the defendant conducted the business in behalf of his father. All deposits from the business were made by him in his own name as they were before his father's illness. His supervision and control over the business increased as his father's health began to wane. The business was entrusted to him and he occupied a relation of trust and confidence to his father. Sometime after the death of the latter, instead of running the business for the benefit of his father's estate, he claimed the business as his own. As a trustee he must account for all the property of the estate in his possession and, in so far as he can, must put the estate in the same condition as that in which it would have been if he had not repudiated his relation as employee and wrongfully assumed the position of owner. *Cushman* v. *Noe,* 242 Mass. 496. *Putnam* v. *Scahill,* 266 Mass. 537. *Cann* v. *Barry,* 293 Mass. 313.

A liquor license once granted does not run with the business. It is a nontransferable personal privilege, revocable at pleasure, and conveying no vested interest to the licensee. G. L. (Ter. Ed.) c. 138, § 23, inserted by St. 1933, c. 376, § 2, as amended by St. 1935, c. 253, § 5, c. 440, § 23; St. 1938, c. 238; St. 1939, c. 470, § 2. See now St. 1941, c. 578. A package store, so called, cannot be conducted without a

JUBINVILLE v. JUBINVILLE.

license. G. L. (Ter. Ed.) c. 138, § 15, as inserted by St. 1933, c. 376, § 2, as amended. While such a license is not an asset of the business which passes upon its sale, yet such a license has been considered by purchasers of such a business as something of value in excess of the license fee on account of the preferences which, under both the previous and the present statutes, R. L. c. 100, G. L. (Ter. Ed.) c. 138, § 16A, as inserted by St. 1933, c. 376, § 2, and as most recently amended by St. 1937, c. 424, § 1, the purchaser acquires in the renewal of such a license, even though the present law, by § 23 of said c. 138, as amended, makes provision for increasing the license fee so that any excess will go into the public treasury rather than to the vendor. See *F. & M. Schaefer Brewing Co.* v. *Moebs,* 187 Mass. 571; *Tracy* v. *Ginzberg,* 189 Mass. 260, affirmed, 205 U. S. 170; *Ellis* v. *Small,* 209 Mass. 147; *Murphy* v. *Murphy,* 217 Mass. 233; *Magullion* v. *Magee,* 241 Mass. 360, 368, 369; *Fisher* v. *Cushman,* 103 Fed. 860; *In re McArdle,* 126 Fed. 442.

The attitude of the licensing authority relative to granting a license for a package goods store to a new applicant at the location of an existing store, if a former licensee objects, is shown by the master's report. When the testator, who had previously held a license in his own name and that of his son Joseph, desired the new license for 1935 to be issued in his name and that of the defendant Antonio, upon the objection of Joseph to the new license being so issued the board informed the parties that no license would be granted for the store unless Joseph withdrew his protest.

We are not concerned with any question between the licensee and the granting authority but are concerned only with what a licensee may be required to do in reference to his license in order to perform the obligation which he is under to make full restitution of the licensed business that has been wrongfully retained by him from the rightful owner. Such a person, by virtue of a license, should not be permitted to gain any undue advantage over the estate by continuing to hold the license, and thus deprive the plaintiff of the valuable good will of the business and compel

her to sell the assets of the business as job lots of merchandise rather than as parts of a going and established concern. See *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 265 Mass. 549; *Castro* v. *Linchitz,* 297 Mass. 381. As against her he shows no right to the retention of his license in reference to this business. Its retention furnishes an obstacle to the sale of the business, and the decree was right in ordering him to surrender it for cancellation to the licensing authority. In this respect, the decree does not go beyond the frame of the bill or afford relief more extensive than that to which the plaintiff was entitled under the findings of the master. *Alden Bros. Co.* v. *Dunn,* 264 Mass. 355. *Laine* v. *Aarnio,* 265 Mass. 374, 376, 377. *Harvey* v. *Crooker,* 267 Mass. 279, 285. *J. Abrams & Co. Inc.* v. *Clark,* 298 Mass. 542, 545.

The decree, however, restrained the defendants from interfering with the efforts of the plaintiff or her nominee to secure a license to conduct the business, and from filing any objection with the licensing authority against the granting of such a license. The defendants have a right to engage in the liquor business and, like any other citizen, to apply for and secure a license if the licensing authorities, acting in the public interest, deem that a license should be issued. But they have no right to seek a license to continue the business owned by the plaintiff. The decree should be modified so as not to prevent the defendants from seeking and securing a license for any new business that they may desire to engage in at a different location from that occupied by the plaintiff's business.

The contention that the licensing authority is not empowered to grant a license to a personal representative of a decedent licensee is not open to the defendants upon this record. No such license has been granted. For aught that appears none may ever be issued to her. She might make a sale of the business conditional upon the granting of a license to the purchaser. It will be time enough to consider the validity of any license, if one is granted, when that question is properly raised. *Vigeant* v. *Jeanne D'Arc Credit Union,* 271 Mass. 479. *Holliston* v. *Holliston Water Co.* 306 Mass. 17.

Apparently the license issued to the defendants and re-

ferred to in the decree expired on December 31, 1942, in accordance with G. L. (Ter. Ed.) c. 138, § 23, as inserted by St. 1933, c. 376, § 2, and as amended. The docket entries transmitted to this court, *Styrnbrough* v. *Cambridge Savings Bank,* 299 Mass. 22, disclose that a receiver was appointed on January 23, 1942. See said § 23, as amended by St. 1939, c. 470, § 2. We do not know whether or not the business is now being conducted. While the decree must be modified in accordance with this opinion, yet if it is properly made to appear to the Superior Court that the defendants hold the license, then the Superior Court has power to order them to deliver up their license for cancellation or to take similar action if it is held by the receiver, to order him to turn over to the plaintiff upon the allowance of his accounts the property belonging to her, and to take such other appropriate action as will grant to the plaintiff the relief to which she is entitled, in accordance with the situation then existing. *Giles* v. *Giles,* 293 Mass. 495. *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484. *MacLennan* v. *MacLennan,* 311 Mass. 709.

The opinion in so far as it deals with the matter of the license is the opinion of a majority of the court.

*Ordered accordingly.*