**Bruce SPRINGSTEEN, et al., Plaintiffs,**

v.

**The MEADOWS, INC., Defendant.**

**Civ. A. No. 79–1845–F.**

United States District Court, D. Massachusetts.

March 10, 1982.

Stephen S. Young, Sherburne, Powers & Needham, Boston, Mass., for plaintiffs.

Philip J. Tarpey, Jr., Bulkley, Richardson & Gelinas, Springfield, Mass., for defendant.

## MEMORANDUM

FREEDMAN, District Judge.

This matter is before me on the objections of the defendant to the Findings and Recommendation of a magistrate allowing the plaintiffs' motion to levy on defendant's cash register receipts, liquor, and liquor license. I am required to "make a de novo determination of those portions of the report ... to which objection is made," and allowed to "accept, reject, or modify in whole or in part the findings and recommendations made by the magistrate." 28 U.S.C. § 636(b).

The plaintiffs filed a complaint on September 12, 1979 alleging copyright infringement by the defendant. The plaintiffs recovered judgment against the defendant on July 8, 1980 in the amount of $1,661.23, and an execution issued of same amount on August 28, 1980. Demand was made on this execution but payment was refused by

the defendant. As a result of the defendant's refusal to satisfy the execution, plaintiffs on January 27, 1981 filed a motion for approval to levy on defendant's cash register receipts, liquor and liquor license. The defendant filed an opposition to the part of the motion which requested approval to levy on the defendant's liquor license. A hearing was held before a magistrate and on August 28, 1981, the Magistrate entered her Findings and Recommendation that plaintiffs' motion be allowed. Defendant has timely objected to the Magistrate's Recommendation.

The defendant objects to the Magistrate's Findings and Recommendation stating that there is no authority in Massachusetts to support the plaintiffs' motion to levy on the defendant's liquor license and the Magistrate's memorandum is conclusory in nature and provides no analysis of fact or law to justify her Recommendation.

The issue is whether or not a license to sell alcoholic beverages is subject to levy, under execution, to satisfy a judgment. Defendant submits that the liquor license issued to it pursuant to M.G.L. c. 138 does not constitute "goods, chattels or lands" and therefore cannot be seized and sold on execution. Defendant argues a liquor license is a mere personal privilege that confers no property rights in the license, and that Chapter 138 does not provide for the private or public sale of a liquor license by a United States Marshal or his Deputy.

In support of its argument that a liquor license cannot be seized or sold upon execution because it is a mere personal privilege, the defendant cites *Jubinville v. Jubinville*, 313 Mass. 103, 46 N.E.2d 533 (1943). The defendant notes that the court in *Jubinville* stated that "a liquor license once granted does not run with the business; it is a nontransferable personal privilege, revocable at pleasure, and conveying no vested interest to the licensee." *Id.* at 106, 46 N.E.2d 533. It is important to point out here, however, that the court in *Jubinville* also found that a liquor license is an asset of value. The court stated "While such a license is not an asset of the business which

passes upon its sale, yet such a license has been considered by purchasers of such a business as something of value in excess of the license fee on account of the preferences which ... the purchaser acquires in the renewal of such a license...." Therefore, although a liquor license may have the characteristics of a privilege because the granting authority may revoke it at will, it remains a valuable asset.

The defendant further argues that M.G.L. c. 138 § 23 states that the licensee does not have a property right in the document or paper evidencing the granting of the license. However, this statement in § 23 must be read in context. The full paragraph reads:

> No holder of such a license or permit hereunder shall have any property right in any document or paper evidencing the granting of such license or permit and issued by the licensing authorities, and said authorities, upon the expiration, suspension, revocation, cancellation or forfeiture of such a license or permit shall be entitled upon demand to the immediate possession thereof. The superior court shall have jurisdiction in equity, on petition of the licensing authorities, to enforce this provision.

The purpose of this paragraph is not to protect the license from seizure and sale upon execution, but rather to ensure that the liquor license is revocable by the granting authority without an assignment of reasons for the revocation. *See Opinion of the Justices*, 349 Mass. 794, 797, 208 N.E.2d 823 (1965).

The defendant remarks that Chapter 138 does not provide for the private or public sale of a liquor license by a United States Marshal or his Deputy. M.G.L. c. 138 § 23 does, however, permit the transfer of a liquor license. An individual, partnership or corporation may transfer its liquor license to any individual, partnership or corporation qualified to receive such a license in the first instance but only if in the opinion of the licensing authorities such transfer is in the public interest. Furthermore, M.G.L. c. 138 § 23 provides that a

receiver or trustee in bankruptcy has the same rights as the license holder, and also provides that the license may be pledged by the licensee for a loan. The plaintiffs argue, and I find the argument persuasive, that these provisions would be meaningless if the pledge, receivee or trustee were unable to sell the license.

To demonstrate that a liquor license is property, the plaintiffs cite *Commonwealth v. Downey,* —— Mass.App. ——, 429 N.E.2d 41 (1981).[1] The Massachusetts Appeals Court in *Downey* held that a liquor license is "property" within the meaning of the criminal extortion statute, M.G.L. c. 265 § 25 and that "such a license is considered by purchasers as something of value." *Id.* 429 N.E.2d at 43. The court stated that a liquor license has a value because the number of liquor licenses available in a city or town is often finite and someone who requires an alcoholic beverage license is in a better position with the right to apply to the local licensing authority for a license transfer than someone with no rights at all. The court recognized that it is possible to acknowledge the power of the Commonwealth or a local licensing authority lawfully to revoke a liquor license without having to pay compensation, while nevertheless recognizing an asset value in possession of such a license.

The defendant takes the position that because *Downey, supra,* finds liquor licenses property for the purposes of the criminal extortion statute it in no way compels the conclusion that liquor licenses should also be considered property subject to levy on execution. However, in reaching the decision that a liquor license is property, the court in *Downey* relies on some of the very same cases relied on by the parties in the case at hand and is helpful in that light. The court in *Downey* reasoned as follows:

> While M.G.L. c. 138 § 23 provides that no holder of an alcoholic beverages license "shall have any property right in any document or paper evidencing the granting of such license" and it has been held

that a liquor license conveys "no vested interest to the licensee," *Jubinville v. Jubinville,* 313 Mass. 103, 106, 46 N.E.2d 533 (1943), it has also been recognized that such a license is considered by purchasers as something of value. *Id.* at 107, 46 N.E.2d 533. *See Opinion of the Justices,* 368 Mass. 857, 863–64, 333 N.E.2d 414 (1975).

*Id.* 429 N.E.2d at 43.

The plaintiffs have also looked to other jurisdictions with regard to the issue of whether a liquor license is property and have cited *Rowe v. Colpoys,* 137 F.2d 249 (D.C.Cir.1943). In *Rowe,* the court found that the term "goods and chattels" used to describe property subject to levy under common law is a term of broad and inclusive meaning; and where a statute providing for issuance of a license to sell alcoholic beverages also provided for transfer and assignment of such license, the license was a "property right" subject to levy, under execution, to satisfy a judgment of municipal court.

The court in *Rowe, supra,* when discussing the limited nature of the property right as to the licensee, and the exclusive authority of the Board to control the business of retailing liquor stated:

> But, whether it is a right, the transfer of which is controllable by a court or by some other authority, it is nevertheless a valuable right, with attributes of property and transferable value, in the market of alcoholic beverage distribution. No good reason, either of procedure or policy, has been urged, and none is apparent, for exempting this form of property right, and its tangible evidence, from the same process as that to which other property rights are subject.

*Id.* at 251.

In the case at hand, the defendant relies on cases which have held that liquor licenses do not convey property rights on the licensee. However, this does not mean that a liquor license is not a valuable asset sub-

1. This case was cited in a letter submitted by the plaintiffs and received by this Court on

January 19, 1982. The defendant responded with regard to this case on January 29, 1982.

ject to levy. The reason for the ruling that the licensee has no property right in the license is so the state may revoke the license as it sees fit. The question is not whether the defendant has an irrevocable property right in the license, but whether the license is a valuable asset upon which levy can be made.

I find that a liquor license does have a value and since it is transferable that it is subject to levy. The cases cited within[2] support the proposition that although the licensee may not have a property right in the license, it is a valuable asset. There is neither statutory nor common law which prohibits the levy upon a liquor license; and I do not find that because the legislature has not specifically amended M.G.L. c. 138 § 23 to include a phrase allowing the levy upon a liquor license that the legislature's intent was to exempt liquor licenses from levy.

### Conclusion

Having made a *de novo* review of those portions of the Magistrate's report to which objection has been made, and for the above-mentioned reasons, I conclude that the plaintiffs' motion for approval to levy on defendant's cash register receipts, liquor, and liquor license must be allowed. I, therefore, accept the Recommendation made by the Magistrate.

An appropriate Order shall issue.

---

2. The defendant noted in its objections to the Magistrate's Findings and Recommendation that the Magistrate relied upon four cases cited by the plaintiffs which were neither published nor reported. The defendant argues that this reliance is misplaced and makes reference to Rule 14 of the Rules for the United States Court of Appeals for the First Circuit. I agree with the defendant that unpublished opinions should not be cited and I have reached my conclusion in the case at hand without any reference to or reliance upon unpublished opinions. The unpublished opinions noted by the defendant are not essential to a determination that a liquor license is subject to levy upon execution.