ARROWHEAD ESTATES, INC. *vs.* BOSTON LICENSING BOARD
& another.[1]

Suffolk.  December 14, 1982. — April 12, 1983.

Present: BROWN, ROSE, & DREBEN, JJ.

*License.  Alcoholic Liquors,* License.  *Taxation,* Federal tax lien. *Words,*
    "Property."

Discussion of decisions by Federal courts and the courts of other States
    pertaining to whether a liquor license is property that may be at-
    tached. [630-631]
A liquor license issued by a Massachusetts licensing authority is "property"
    or "rights to property" to which a Federal tax lien may attach pursu-
    ant to I.R.C. § 6331 (1976). [631-632]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 31, 1981.

A motion for summary judgment was heard by *Flaks-
man, J.*, a District Court judge sitting under statutory
authority.

*Daniel J. Harrington (Daniel G. Harrington* with him)
for Patrick C. Doyle.

*Charles E. Chase* for the plaintiff.

BROWN, J.  We are asked to decide whether a Mas-
sachusetts liquor license is "property" or "rights to
property" to which a Federal tax lien may attach.  The rele-
vant facts are as follows.  In December, 1979, Harcourt and
Schrouth, Inc. (Harcourt), pledged its liquor license to the
plaintiff, Arrowhead Estates, Inc. (Arrowhead), as col-
lateral for a $21,000 loan.  The Boston Licensing Board ap-
proved this pledge as required by G. L. c. 138, § 23.  In
March, 1980, the Internal Revenue Service (IRS) filed a tax

---

[1] Patrick C. Doyle.

lien against Harcourt.[2] This lien was foreclosed and the IRS sold the liquor license to the defendant Doyle at a public auction in March, 1981. Arrowhead brought an action seeking to nullify the sale and have the license transferred pursuant to the pledge agreement. A Superior Court judge allowed Arrowhead's motion for summary judgment. The instant appeal is from the ensuing judgment.

A Federal tax lien may attach to any property or rights to property a taxpayer owns. I.R.C. § 6321 (1976). "[I]t has long been the rule that 'in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property . . . sought to be reached by the statute.'" *Aquilino* v. *United States*, 363 U.S. 509, 513 (1960), quoting from *Morgan* v. *Commissioner*, 309 U.S. 78, 82 (1940).

We must first look to G. L. c. 138, § 23. That statute establishes that the licensee has no property rights in the license with respect to the licensing authority. "A liquor license once granted does not run with the business. It is a nontransferable personal privilege, revocable at pleasure, and conveying no vested interest to the licensee." *Jubinville* v. *Jubinville*, 313 Mass. 103, 106 (1943). Accord *Opinion of the Justices*, 349 Mass. 794, 797-798 (1965). However, as between private parties the license has been determined to be a valuable asset. *Jubinville* v. *Jubinville, supra* at 107-108.

Massachusetts courts have not decided whether a liquor license is "property" that may be attached. However, several other State courts and the Federal District Court in Massachusetts have ruled on this question, producing a split of authority. The majority view is that a liquor license is attachable. See, e.g., *Springsteen* v. *The Meadows, Inc.*, 534 F. Supp. 504 (D. Mass. 1982); *Boss Co.* v. *Commissioners of Atlantic City*, 40 N.J. 379 (1963). See also *Rowe* v. *Col-*

---

[2] It is not contested that the IRS filed its notice of a Federal tax lien in the United States District Court prior to Arrowhead's filing of its financing statement with the Massachusetts State Secretary. See, in this regard, G. L. c. 106, § 9-301.

*poys,* 137 F.2d 249, 251 (D.C. Cir. 1943) (license is a "valuable right, with attributes of property and transferable value, in the market of alcoholic beverage distribution"). Contrast *Bentley* v. *Kirbo,* 169 F. Supp. 38 (D. Alaska 1958), *Paramount Fin. Co.* v. *S & C Tavern, Inc.,* 245 F. Supp. 766 (N.D. Ohio 1965), and *In re Roberts,* 358 F. Supp. 392 (W.D.S.D. 1973), which hold that a license may not be attached.

In *Springsteen, supra,* the Federal District Court held that a liquor license is subject to levy for satisfaction of a judgment. That court relied on *Rowe* v. *Colpoys, supra,* as well as on our recent case, *Commonwealth* v. *Downey,* 12 Mass. App. Ct. 754, 757 (1981), in concluding that a license may be property subject to attachment even though it is revocable by the licensing authority. This court noted in *Downey* that "[i]t is possible to acknowledge the power of the Commonwealth or a local licensing authority lawfully to revoke a liquor license without having to pay compensation, while nevertheless recognizing an asset value in possession of such a license." *Ibid.*

The case of *Boss Co.* v. *Commissioners of Atlantic City,* 40 N.J. 379 (1963), is similar to the instant case in all material respects. In *Boss Co.,* the IRS had placed a lien on a liquor license held by a delinquent taxpayer. The license was later sold at a public auction. A New Jersey statute provided that a liquor license may not "be deemed property, subject to . . . attachment." *Id.* at 383. In concluding that this statutory language was not dispositive with respect to a Federal tax lien, the New Jersey Supreme Court recognized a "monetary value" in a liquor license arising from the power of the licensee to transfer the license, albeit subject to municipal consent. *Id.* at 384. That court also noted that the personal representative of a deceased licensee or his estate can exercise the same rights as the original licensee. *Id.* at 384-385. Both of these characteristics are common to New Jersey and Massachusetts licenses.

We think that the reasoning of *Downey* is controlling here. This conclusion is reinforced by the persuasive rea-

soning of the *Springsteen* and *Boss Co.* cases.[3] In Massachusetts a liquor license is transferable, can be pledged as collateral, and provides a receiver or a trustee in bankruptcy with the same rights as the license holder. In addition, we note that on the death of the licensee the administrator or executor is authorized to exercise all the privileges of the license until its termination. *Jubinville* v. *Jubinville, supra.* Given these attributes of a license, we conclude that the liquor license here in question is indeed "property" or "rights to property" within the meaning of I.R.C. § 6331 (1976). We agree with the language of the Court of Appeals for the Tenth Circuit:

> " 'Property' is a word of very broad meaning and when used without qualification, may reasonably be construed to include obligations, rights and other intangibles, as well as physical things. 'Property' within the tax laws should not be given a narrow or technical meaning."

*Citizens State Bank* v. *Vidal,* 114 F.2d 380, 382-383 (10th Cir. 1940). See also *Commissioner* v. *Stephens-Adamson Mfg.,* 51 F.2d 681 (7th Cir. 1931).

In sum, a Massachusetts liquor license has an acknowledged pecuniary value and is descendible and transferable. These characteristics give liquor licenses sufficient intrinsic qualities of property as to make them, under Massachusetts law, attachable by the IRS pursuant to I.R.C. § 6331.

The judgment is reversed, and the case is remanded to the Superior Court for the entry of a new judgment declaring the rights of the parties in a manner consistent with this opinion.

*So ordered.*

---

[3] *United States* v. *Berkshire St. Ry.,* 219 F. Supp. 861 (D. Mass. 1963), and *Sandri* v. *United States,* 266 F. Supp. 139 (D.Mass. 1967), lack persuasive force in the present circumstances. In both of those cases, the Federal District court relied on *Roberto* v. *Massachusetts Dept. of Pub. Utilities,* 262 Mass. 583 (1928). The *Roberto* decision, however, dealt with the common carriers statute, G. L. c. 159, which does not provide for transferability. Similarly distinguishable are the other cases cited by the plaintiff in which substantial restrictions on the transfer of a license undercut its recognized value.