Neel, J.
This is an action pursuant to G.L.c. 249, §4, for judicial review of decisions of the City of Cambridge Licensing Commission (“the Commission”). Plaintiff T.T. the Bear’s Place, Inc. alleges that defendants Alex Rodriguez, Kevin Fitzgerald, and William Burke, and their predecessors, individually and as members of the Commission, acted arbitrarily and capriciously in twice denying plaintiff a 2:00 a.m. closing time license. Plaintiff also alleges that the defendants violated G.L.c. 12, §111, the Massachusetts Civil Rights Act, and 42 U.S.C. §1983. The parties now bring cross motions for summary judgment on the G.L.c. 249, §4 claims, and the defendants move for dismissal of the remaining claims. For the following reasons, defendants’ motion for summary judgment, and defendants’ motion to dismiss, are allowed.
BACKGROUND
Plaintiff T.T. the Bear’s Place is a restáurant, bar and music club located in Central Square, Cambridge, Massachusetts. On October 31, 1985, the Commission ordered that plaintiffs permission for 2:00 a.m. closing be revoked, and set a 1:00 a.m. closing time, because plaintiff had failed to notify the Commission of plaintiffs bankruptcy. In April 1992, plaintiff applied for reinstatement of the 2:00 a.m. closing. The Commission held a hearing on April 28, 1992, and denied plaintiffs application in a decision dated June 15, 1992. Plaintiff then filed a complaint for review pursuant to G.L.c. 249, §4 (Civil Action No. 92-5381).
Also in April 1992, the Commission granted an application by the Middle East, another establishment located in the same building as plaintiff, for an increase in seating capacity, allowing the Middle East to open a 300-person function room. The Middle East had a long-standing 2:00 a.m. closing time.
In November 1992, at the invitation of the Commission’s executive officer, plaintiff attended two community meetings and submitted a written proposal, designed to address community concerns, to the Commission. On December 16, 1992, the Commission held a reconsideration hearing. In a decision dated January 21, 1993, the Commission denied plaintiffs application for reconsideration. Plaintiff then brought a second complaint pursuant to G.L.c. 249, §4, and added claims pursuant to G.L.c. 12, §11I and 42 U.S.C. §1983 (C.A. No. 93-1641). Plaintiffs claims were consolidated into one action.
DISCUSSION
I. Defendants’ Summary Judgment Motion
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. ”[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
Plaintiff alleges, pursuant to G.L.c. 249, §4, that defendants twice arbitrarily and capriciously denied plaintiffs application for a 2:00 a.m. closing. Defendants argue that there is ample evidence in the record to support the Commission’s decision.
“A civil action in the nature of certiorari pursuant to G.L.c. 249, §4 serves to ‘correct errors’ in administrative proceedings by means of judicial review where such oversight is not otherwise provided by statute.” Yerardi’s Moody Street Restaurant & Lounge Inc. v. *2 Board of Selectmen of Randolph, 19 Mass.App.Ct. 296, 300 (1984). The standard of review for an administrative proceeding regarding extension of closing hours for a restaurant is the arbitrary or capricious test. Id. at 300. A licensing board has wide discretion to determine the closing hours of a restaurant licensee between 11:00 p.m. and 2:00 a.m. Pronghorn v. Licensing Board of Peabody, 13 Mass.App.Ct. 70, 71 (1982).
Even when viewed most favorably to the plaintiff, there is evidence in the record to support the Commission’s decisions to deny plaintiffs application for a 2:00 a.m. license. In September 1991, the Commission adopted a policy not to grant any new 2:00 a.m. closing times. The Commission’s decision regarding plaintiff is consistent with that policy. Moreover, the policy not to grant additional 2:00 a.m. licenses appears to have been applied consistently inasmuch as a neighboring establishment was, on March 23, 1992, also denied a 2:00 a.m. license.
Plaintiff argues that the Commission violated its own policy not to grant any more 2:00 a.m. licenses by granting the Middle East, which already had a 2:00 a.m. closing, an occupancy increase. In addition, plaintiff claims that a comparison of the Commission’s favorable decision regarding the Middle East, and its unfavorable decision regarding plaintiff, shows that the Commission unfairly singled out plaintiff. However, the relief granted to the Middle East was different from the relief sought by the plaintiff.
Plaintiff seeks a 2:00 a.m. license which would potentially cause noisy patrons to be on the streets of Cambridge until approximately 2:30 a.m. In contrast, the Middle East sought a capacity increase to accommodate private parties, weddings, civic events, meetings and dinners, and occasional entertainment. Plaintiff alleges that the Middle East is actually using its function room as a rock club, thereby regularly causing more noisy patrons to be on the same streets of Cambridge after 2:00 a.m., exactly what the Commission would not allow the plaintiff to do.
Regardless of how the Middle East is currently using its “function room,” the record reflects that the Commission granted the Middle East an occupancy expansion to be used for the events listed above. Therefore, the Commission’s treatment of the Middle East neither contradicts its policy not to grant any more 2:00 a.m. licenses, nor tends to prove that plaintiff was singled out for unfair treatment. Rather, the Commission has demonstrated that it had substantial evidence regarding the public need on which to base its decisions. Because plaintiff has failed to show a basis on which the court could conclude that the Commission’s decision was arbitrary or capricious, defendants’ motion for summary judgment is allowed as to Count I in both actions.
II. Defendants’ Motion to Dismiss
“A complaint should not be dismissed [under Mass.R.Civ.P. 12(b)(6)] for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Haggerty v. Globe Newspaper Co., 383 Mass. 406, 408 (1981), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Nader v. Citron, 372 Mass. 96, 98 (1977).
Plaintiff alleges that the defendants interfered with its rights in violation of G.L.c. 12, §11I, and 42 U.S.C. §1983. CA. No. 93-1641, Counts II and III. Specifically, plaintiff alleges that the Commission denied it equal protection of the laws by singling plaintiff out for unfair treatment. Plaintiff also alleges that it had a property right in its 2:00 a.m. license and that the Commission denied plaintiff that properly right without due process of law.
The defendants argue that plaintiffs civil rights claims should be dismissed because defendants have qualified immunity. Under federal law, “government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Massachusetts has adopted this federal standard of qualified immunity for actions brought pursuant to the Massachusetts Civil Rights Act. Duarte v. Healy, 405 Mass. 43, 46 (1989).
Defendants also seek to dismiss Counts II and III of C.A. No. 93-1641 on the separate grounds that the complaint fails to state a claim. The court agrees. No facts are alleged to support the conclusory allegation that defendants exceeded their authority, as alleged in Count II. Nor do the allegations support a claim of denial of equal protection, because they fail to satisfy either the dissimilar treatment or the impermissible basis requirements set out in LeClair v. Saunders, 627 F.2d 606, 609 (2d Cir. 1980); see Yerardi’s Moody St. Restaurant v. Board of Selectmen of Randolph, 878 F.2d 16 (1st Cir. 1989). As to plaintiffs due process claim, a holder of a liquor license has no property right in that license with respect to the licensing authority. G.L.c. 138, §23; Arrowhead Estates Inc. v. Boston Licensing Board, 15 Mass.App.Ct. 629, 630 (1983).[2] Moreover, the complaint, which acknowledges that the Commission provided a hearing and an opportunity to submit a written proposal, does not allege facts supporting a claim of denial of due process.
Inasmuch as plaintiff has not alleged facts supporting its claim that the defendants violated a clearly established constitutional right, plaintiff has failed to state either a Civil Rights Act claim or a §1983 claim, and cannot claim against the individual defendants on the basis of their discretionary acts. Accordingly, plaintiffs Civil Rights Act claim and §1983 claim are dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment is *3 ALLOWED as to Count I of C.A. No. 92-5381 and C.A. No. 93-1641; the plaintiffs motion for summary judgment is DENIED; and the defendants’ motion to dismiss is ALLOWED as to Counts II and III of C.A. No. 93-1641.

 Plaintiff argues that it does have a property right in the license, citing Foster from Gloucester Inc. v. City Council of Gloucester, 10 Mass.App.Ct. 284, 291 (1980). That case, unlike this one, dealt with a license under G.L.c. 48 §13, which expressly confers property rights in licenses thereunder.